# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY


| | | |
|---|---|---|
| KENNETH T. DEPUTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) C.A. No. N12C-05-163 MMJ | |
| | ) | |
| | ) | |
| DR. J. CONLAN, | ) | |
| | ) | |
| Defendant. | ) | |


Submitted: March 26, 2015
Decided: April 1, 2015

On Plaintiff Kenneth T. Deputy's
Motion for Appointment of Counsel
**DENIED**


**<u>ORDER</u>**

Kenneth T. Deputy, *Pro Se*, Plaintiff

Daniel A. Griffith, Esquire, Scott F. Wilcox, Esquire, Whiteford Taylor & Preston
LLC, Attorneys for Defendant

**JOHNSTON, J.**

By Memorandum Opinion dated June 5, 2014, the Court denied Plaintiff's fourth Motion for Appointment of Counsel. This was Plaintiff's sixth request for appointment of an attorney at State expense.

Plaintiff has again moved for appointment of counsel. Plaintiff states that he has made numerous unsuccessful attempts to obtain private counsel on a contingency basis.

The Delaware Superior Court has the "inherent authority to appoint counsel for an indigent person in a civil suit."[1] The Court will only appoint counsel if it is demonstrated that the prisoner does not have meaningful access to the courts by other alternatives.[2] Meaningful access has been interpreted to mean "either access to an adequate law library or legal assistance in the preparation of complaints, appeals, petitions, etc., though the State is vested with discretion to select the method by which to implement this constitutional guarantee."[3] The State rarely appoints counsel to prisoners for civil claims.[4]

Plaintiff has access to the prison law library. He successfully appealed the dismissal of his 2007 lawsuit to the Delaware Supreme Court. There is nothing in the

---

[1] *Vick v. Dep't. of Corr,* 1986 WL 8003, at *2 (Del. Super.).

[2] *Id.*

[3] *Id.* at *1.

[4] *See Jenkins v. Dover Police Comm'r*, 2002 WL 663912 (Del. Super.).

record to show Plaintiff is being denied "meaningful access" to the Courts.

Plaintiff's instant motion again fails to demonstrate the need for court-appointed counsel at State expense. Deputy has not provided any new or different facts or law in support of his motion.

Plaintiff argues that his case is "clearly meritorious" because it "has been scheduled for trial twice..". Cases are given trial dates as a matter of course. A trial date is by no means an evaluation of the merits of the cause of action.

There is no question that Plaintiff would benefit from the assistance of counsel. Representation by an attorney is virtually always beneficial for every litigant. However, civil plaintiffs are not entitled to appointment of legal counsel *at State expense.* The State simply does not have the resources to supply civil litigants with attorneys, regardless of the purported merits of the case. Further, any plaintiff who cannot find a private attorney to represent the plaintiff in a personal injury case, should seriously consider whether the claim is financially and practically viable.

**THEREFORE,** Plaintiff's Motion for Appointment of Counsel is hereby **DENIED. THE COURT WILL NOT CONSIDER ANY FURTHER MOTIONS OR REQUEST FOR APPOINTMENT OF LEGAL COUNSEL.**

**IT IS SO ORDERED.**

_/s/ *Mary M. Johnston*_
The Honorable Mary M. Johnston